IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANN PHARMACY, INC., : <br> : <br> Plaintiff, : <br> vs. : Civil Action No. _____ <br> : <br> SHREE NAVDURGA LLC, d/b/a RAMS : <br> PHARMACY, and RAMESH KOMMINENI, : <br> : <br> Defendants. : | |

## VERIFIED COMPLAINT

Plaintiff Rann Pharmacy, Inc. ("Plaintiff"), brings this action against Defendants Shree Navdurga LLC, d/b/a Rams Pharmacy, and Ramesh Kommineni (collectively, "Defendants"). Plaintiff is the owner of and has used the service mark RANN PHARMACY in the United States for pharmacy services since at least as early as 1982. Plaintiff has developed strong rights in and to the mark RANN PHARMACY based on long and continued use of the mark in connection with pharmacy services. In addition, Plaintiff is the owner of U.S. Application Serial No. 87/077,542 for the mark RANN PHARMACY. Despite all of this, Defendants recently opened their own pharmacy, using the mark RAMS PHARMACY, in very close proximity to Plaintiff's location, creating actual confusion between the marks. In addition, Defendants have defamed Plaintiff and tortiously interfered with Plaintiff's business, as described more fully below. Accordingly, Plaintiff files the instant action and seeks a temporary restraining order and preliminary injunction. In support of its complaint, Plaintiff states as follows:

## PARTIES

1. Plaintiff Rann Pharmacy, Inc., is a Pennsylvania corporation with a principal place of business at 377 Main Street, Harleysville, Pennsylvania 19438.

2.	Defendant Shree Navdurga LLC, d/b/a Rams Pharmacy, is a Pennsylvania limited liability company with a principal place of business at 801 West Main Street, Lansdale, Pennsylvania 19446.

3.	Upon information and belief, Ramesh Kommineni is the president and/or operator of Rams Pharmacy and is a resident of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

4.	Jurisdiction exists pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.  The Court has the authority to grant the injunctive relief sought pursuant to 15 U.S.C. § 1116 and common law.

5.	Venue over this action properly lies in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

## FACTS

6.	Plaintiff is the owner of and has used the service mark RANN PHARMACY in the United States for pharmacy services since at least as early as 1982.

7.	Plaintiff has developed strong rights in and to the mark RANN PHARMACY based on long and continued use of the mark in connection with pharmacy services.

8.	In addition, Plaintiff is the owner of U.S. Application Serial No. 87/077,542 for the mark RANN PHARMACY.

9.	As indicated above, Plaintiff's pharmacy is located at 377 Main Street in Harleysville, Pennsylvania.

10.	Defendants recently opened a pharmacy at 801 West Main Street in Lansdale, Pennsylvania.  That location is approximately 6 miles from Plaintiff's pharmacy.

11.	Defendants are actively using the mark RAMS PHARMACY for their pharmacy.

12. Upon information and belief, Ramesh Kommineni was aware of and had done business with Plaintiff prior to adopting the name of his business, RAMS PHARMACY.

13. Given the almost identical nature of the marks and the identical channels of trade, Defendants' use of the name RAMS PHARMACY in very close proximity to Plaintiff's store would clearly confuse consumers into believing that Defendants' pharmacy services are provided by, licensed by, or otherwise associated with Plaintiff, when in fact they are not.

14. In fact, there has already been significant actual confusion between the marks. Specifically, Plaintiff has received phone calls and other communications regarding the assumed relatedness of the pharmacies. For example, prescriptions have been sent to Plaintiff when they were intended for Defendants; a cardiology office has expressed confusion to Plaintiff; a gastroenterology office has expressed confusion to Plaintiff; and Plaintiff's own drug wholesaler has expressed confusion to Plaintiff.

15. These examples are compelling evidence that additional consumers in the future will be confused regarding the source of origin of the parties' services or as to affiliation, connection, or association between the pharmacies.

16. Accordingly, Plaintiff sent a cease-and-desist letter to Defendants on June 21, 2016, outlining the foregoing problems and requesting that Defendants immediately change their mark.

17. On July 4, Defendants responded through counsel, asking for more time to retain intellectual property counsel and requesting proof of the significant and actual confusion between the parties' marks.

18. After collecting additional information, Plaintiff's counsel provided Defendants' counsel with substantiation – in redacted form, to protect any patient information – on July 29.

19.     Plaintiff's counsel followed up with Defendants' counsel on August 8, 15, and 24, but received no substantive response.

20.     Counsel did eventually speak on September 1.  During that conversation, Defendants' lawyer advised that his clients had referred the matter to another firm.  That firm has never contacted Plaintiff's counsel about this matter.

21.     At or around this same time, and upon information and belief, Defendants contacted at least two third-party pharmaceutical consumers and declared to them that their personal information protected by the Health Insurance Portability and Accountability Act ("HIPAA") had been received by Plaintiff, allegedly in violation of HIPAA.

22.     Those third-parties then sent two virtually identical letters to Plaintiff dated August 31 (but not received by Plaintiff until September 2) alleging possible HIPAA violations by Plaintiff.  One letter described the subject as "HIPAA Violation by the pharmacy," and stated that "Recently i came to know that one of the communication letter of my doctors office has been used by the pharmacy which has  my information . . . You are clearly aware that i am not your customer and you don't have any concent from me to use any of my information [sic]."

23.     A second letter sent by a third-party pharmaceutical consumer to Plaintiff had a subject line that said, "possible HIPAA Violation of my prescription records," and stated "Recently i came to know that you were using my prescription information without my concent. . . . I never gave any consent to use my information, so there may be a possible violation of HIPAA [sic]."[1]

24.     These statements by Defendants, which prompted the third-party letters, were blatantly and demonstrably false, as Plaintiff did not commit any HIPPAA-related violation in receiving mis-directed patient information from other health care providers.  Plaintiff's counsel

---

[1] Redacted versions of these letters are available for review *in camera* or under seal.

4

immediately brought these letters to the attention of Defendants' counsel on September 2, but Defendants' counsel provided no adequate response and no assurances that they would refrain from contacting pharmaceutical consumers with defamatory allegations about Plaintiff.

25. As a result, Plaintiff brings the instant complaint against Defendants.

## COUNT I
### (Trademark Infringement Under 15 U.S.C. § 1114)

26. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Plaintiff is the owner of and has used the service mark RANN PHARMACY in the United States for pharmacy services since at least as early as 1982. Plaintiff has developed strong rights in and to the mark RANN PHARMACY based on long and continued use of the mark in connection with pharmacy services. In addition, Plaintiff is the owner of U.S. Application Serial No. 87/077,542 for the mark RANN PHARMACY.

28. Defendants' use of the mark RAMS PHARMACY is likely to cause – and has actually caused – confusion concerning the origin of Plaintiff's services. Specifically, Defendants' use of RAMS PHARMACY for their commercial gain is causing and will continue to cause confusion with Plaintiff's mark RANN PHARMACY.

29. The foregoing acts constitute trademark infringement under 15 U.S.C. § 1114.

30. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which they are not entitled in law or equity.

31. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

32. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

## COUNT II
### (Defamation Under 42 Pa. C.S.A. § 8343)

33. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Defendants' allegations that Plaintiff committed HIPAA violations and mishandled patient information impute severe business misconduct within the pharmacy industry.

35. Defendants' defamatory statements imputing business misconduct constitute defamation *per se*.

36. The foregoing acts constitute defamation under 42 Pa. C.S.A. § 8343.

37. As a result of Defendants' actions, Plaintiff has suffered irreparable harm in the marketplace to its reputation.

38. Defendants' conduct deters third persons from associating with or doing business with Plaintiff's pharmacy.

39. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief under common law.

## COUNT III
### (Tortious Interference with Existing or Prospective Contractual Relationships)

40. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

41. The foregoing acts constitute tortious interference with existing or prospective contractual relationships as defined under the law of the Commonwealth of Pennsylvania.

42. Upon information and belief, Defendants have purposefully contacted prospective clients of Plaintiff by contacting pharmaceutical consumers in the region.

43. Defendants have purposefully interfered with prospective pharmaceutical consumers, intending to prevent prospective relations from occurring.

44. Defendants, in making their demonstrably false and derogatory allegations against Plaintiff, were not protected by any privilege or in any way justified in making these allegations.

45. Defendants have harmed Plaintiff's reputation and estimation in the community, and tarnished the good will that Plaintiff has established over decades of conducting business in Harleysville, Pennsylvania.

46. Absent Defendants' tortious conduct, there is a reasonable likelihood that Plaintiff would have entered into contractual relationships with prospective pharmaceutical consumers in the region.

47. Accordingly, Plaintiff is entitled to injunctive relief under common law.

## **PRAYER FOR RELIEF**

48. WHEREFORE, Plaintiff respectfully prays that judgment be entered in favor of it and against Defendants and that the Court:

   a. Enjoin Defendants and all those acting in concert with or on behalf of Defendants from further using the mark RAMS PHARMACY or similar names in commerce;

   b. Order Defendants to retract and impound infringing labels, signs, prints, packages, and advertisements bearing the infringing mark or variations;

    c. Enjoin Defendants and all those acting in concert with or on behalf of Defendants from further defaming Plaintiff in the marketplace;

    d. Enjoin Defendants from engaging in any conduct or taking any action whatsoever to cause or to discourage any person or entity from doing business, investing in, or maintaining an employment or other relationship with Plaintiff;

    e. Order Defendants to pay the costs of these proceedings, including reasonable attorneys' fees; and

    f. Grant Plaintiff such other and further relief as the Court may deem proper and just in the circumstances.

Date:  September 13, 2016                      Respectfully submitted,

                                                **BUCHANAN INGERSOLL & ROONEY PC**

                                                By: <u>/s/ David A. Schumacher</u> _____
                                                        Alfred W. Zaher
                                                        David A. Schumacher
                                                        50 S. 16th Street, Suite 3200
                                                        Philadelphia, PA 19102
                                                        (215) 665-8700
                                                        *Attorneys for Plaintiff*

## VERIFICATION

I, Greg Segner, President of Rann Pharmacy, Inc., am authorized to execute this Verification on behalf of Plaintiff. I have read the foregoing Verified Complaint and I believe it to be true and correct to the best of my knowledge, information and belief.

This Verification is made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Dated: September 12, 2016

_Greg Segner_
Greg Segner

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 13th day of September, 2016, upon the following counsel via electronic mail:

Gerald J. Mullaney, Jr., Esquire
Mullaney & Mullaney, LLC
3881 Skippack Pike
P.O. Box 1368
Skippack, PA 19474-1368
gmullaney@mullaneylaw.com
*Attorneys for Defendants*

/s/ David A. Schumacher _____
David A. Schumacher

9