IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANN PHARMACY, INC. | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHREE NAVDURGA LLC d/b/a | : | |
| RAMS PHARMACY, et al., | : | No. 16-4908 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                         **June 2, 2017**

Last November, this Court enjoined Lakshmi Ramesh Kommineni and Shree Navdurga LLC, d/b/a Rams Pharmacy (together, "Defendants"[1]) from using the service mark RAMS PHARMACY because it was likely to cause confusion with the service mark RANN PHARMACY. Rann Pharmacy now moves to hold Defendants in contempt for allegedly violating the injunction. Separately, Rann Pharmacy asks the Court to cancel Defendants' service mark registration for RAMS PHARMACY. Because Rann Pharmacy has failed to present clear and convincing evidence of contempt, and because the Court lacks jurisdiction to cancel the service mark registration, the Court will deny the motion.

---

[1] Kommineni again proceeds *pro se*, while Shree Navdurga LLC d/b/a Rams Pharmacy is again unrepresented. Because Kommineni is one of the owners of what is now called RAMSRX PHARMACY, the Court refers to Defendants jointly. Because Kommineni proceeds *pro se*, the Court has liberally construed his pleadings and will apply the relevant law regardless of whether he has mentioned it by name. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

## I. BACKGROUND

### A. Rann Pharmacy and Rams Pharmacy

Rann Pharmacy is an independent pharmacy owed by Greg Segner and located at 377 Main Street in Harleysville, Pennsylvania. The pharmacy has operated under the name RANN PHARMACY since 1982. In June 2016, Rann Pharmacy applied for service mark registration for RANN PHARMACY from the U.S. Patent and Trademark Office ("PTO"), receiving application number 87,077,542.

In March 2016, Kommineni opened Rams Pharmacy at 801 West Main Street in Lansdale, Pennsylvania, approximately six miles away from Rann Pharmacy. Defendants applied for service mark registration for RAMS PHARMACY on June 29, 2016, and received registration number 5,140,924 on February 14, 2017. (Pl.'s Mot. Contempt 7; *id.* Exs. H & I.)

### B. The Infringement Lawsuit

After several health care providers confused the two pharmacies, Rann Pharmacy sued Defendants in September 2016, alleging infringement under the Trademark Act of 1946, as amended, Pub. L. No. 79-489, 60 Stat. 427, otherwise known as the Lanham Act. In an opinion dated November 22, 2016, the Court concluded that the mark RAMS PHARMACY violated the Lanham Act because it is likely to cause confusion with the mark RANN PHARMACY. In a separate judgment and order, the Court enjoined Defendants from using the mark RAMS PHARMACY at the pharmacy located in Lansdale, Pennsylvania. Because Defendants informed the Court that they were changing the pharmacy's name to RAMSRX PHARMACY, the Court gave Defendants until January 21, 2017, to comply. The Court's November 22, 2016, Judgment and Order constituted the Court's final judgment in the matter.

### C. The Motion for Contempt

On March 17, 2017, Rann Pharmacy filed a motion for contempt, claiming that Defendants were continuing to use the name RAMS PHARMACY in violation of the Court's Order. (Pl.'s Mot. Contempt 2–3.) Rann Pharmacy conceded that Defendants have changed their sign to read RAMSRX PHARMACY and answer the phone with the same name. (*Id.* at 4.) Instead, Rann Pharmacy pointed to a postcard advertising RAMS PHARMACY, which Rann Pharmacy's medication deliverer allegedly found circulating in Harleysville, Pennsylvania between February 5 and 6, 2017. (*Id.* at 2–3; *id.* Ex. A, Decl. Greg Segner ¶ 2.) Rann Pharmacy supported its allegation with a copy of the offending postcard, as well as a sworn declaration from Segner, who learned of the postcard from the medication deliverer. (*Id.* Ex. A, Decl. Greg Segner ¶¶ 2–3; *Id.* Ex. B.) The postcard, which was undated, advertised RAMS PHARMACY, located at 801 W. Main Street in Lansdale, Pennsylvania, and included a website, www.ramspharmacypa.com. (*Id.* Ex. B.) The offending postcard substantially resembles a different postcard submitted by Defendants advertising RAMSRX PHARMACY. (*Compare id.*, *with* Defs.' Mot. in Opp'n Ex. J.) No website is published at the domain name "www.ramspharmacypa.com," which is owned by VistaPrint Technologies, Ltd. (Pl.'s Mot. Contempt Exs. C & D.) Instead, the website states: "COMING SOON! www.ramspharmacypa.com is under construction and hasn't been published yet." (*Id.* Ex. C.)

Rann Pharmacy requested a coercive sanction of $250 per day until Defendants destroyed all materials using the name RAMS PHARMACY and took down www.ramspharmacypa.com. Unrelated to the request for sanctions, Rann Pharmacy also requested that the Court cancel Defendants' service mark registration number 5,140,924.

Defendants roundly denied Plaintiff's allegations. (Defs.' Mot. in Opp'n 1–3.) They argued that they changed the name of their pharmacy to RAMSRX PHARMACY as of

December 2016, when they received approval for the name change from the Pennsylvania State Board of Pharmacy, and have not used the name RAMS PHARMACY since. (*Id.* at 3; *id.* Ex. F.) Defendants presented numerous records evidencing the name change: letters documenting the name RAMSRX PHARMACY from the Pennsylvania Department of Aging, and the National Council for Prescription Drug Programs (*id.* Exs. B & C); an updated license from the Pennsylvania Department of State Bureau of Professional and Occupational Affairs (*id.* Ex. F); receipts for a new sign, ordered in November 2016 (*id.* Ex. G); receipts for new sticky notes, business cards, and checks with the name RAMSRX PHARMACY (*id.* Exs. H & I); and an email chain documenting the design and purchase of an updated postcard advertising RAMSRX PHARMACY (*id.* Ex. J). Defendants presented six declarations from RamsRX Pharmacy employees, including Kommineni, swearing that they destroyed all business materials with the name RAMS PHARMACY and that they did not distribute any old postcards. (*Id.* Exs. S, T, U, V, W, & X.) They also presented a declaration from a resident of the Harleysville community where the medication deliverer allegedly found the postcards, stating that Defendants did not distribute any fliers there in 2017. (*Id.* Ex. E.) Finally, Defendants asserted that while they once used www.ramspharmacypa.com, they unpublished the site after receiving approval to change their pharmacy's name, and they currently do not use any website for RamsRX Pharmacy. (*Id.* at 3.) At the hearing on May 31, 2017, Kommineni further testified under oath that Defendants have retained the domain name because they use associated email addresses for internal business communications.

## II. STANDARD OF REVIEW

Civil contempt sanctions are nonpunitive, avoidable penalties "designed to compel future compliance with a court order." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S.

821, 827 (1994). These sanctions serve two purposes: "one coercive and the other compensatory." *Harris v. City of Phila.*, 47 F.3d 1311, 1328 (3d Cir. 1995) (citing *Bagwell*, 512 U.S. at 828–29). Coercive sanctions, which are the only sanctions requested by Rann Pharmacy, aim "to coerce the defendant into compliance with the court's order." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (internal quotation marks omitted).

Civil contempt "is a 'severe remedy, and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *First Niagara Risk Mgmt., Inc. v. Kolongowski*, Civ. A. No. 16-0719, 2017 WL 660855, at *5 (E.D. Pa. Feb. 17, 2017) (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)). Due process requires "notice and a hearing before a finding of contempt is made and before the imposition of contempt sanctions so that the parties have an opportunity to explain the conduct deemed deficient and that a record will be available to facilitate appellate review." *Harris*, 47 F.3d at 1322 (internal quotation marks and ellipses omitted).

To hold a party in civil contempt, "the court must find that (1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order." *Id.* at 1326. These elements must be supported with "clear and convincing evidence," and the court must resolve any ambiguities in favor of the party charged with contempt. *Id.* at 1321, 1326. "[W]illfulness is not a necessary element of civil contempt," and good faith is not a defense. *Robin Woods Inc.*, 28 F.3d at 399 (internal quotation marks omitted).

## III. DISCUSSION

### A. Rann Pharmacy Has Not Demonstrated by Clear and Convincing Evidence That Defendants Violated the Court's Order.

Both parties agree that Defendants are aware of and subject to a valid court order. They disagree as to whether Defendants have disobeyed the order.

The only "evidence" Rann Pharmacy has presented of Defendants' disobedience is the existence, in early February 2017, of an undated postcard advertising RAMS PHARMACY. Given the similarity to Defendants' new RAMSRX PHARMACY postcard, it is likely that this RAMS PHARMACY postcard was, at one point, used by Defendants. (*Compare* Pl.'s Mot. Contempt Ex. B, *with* Defs.' Mot. in Opp'n Ex. J.) But Rann Pharmacy has not presented *any* evidence about who circulated the postcard, when and where it was circulated, or even that it *was* circulated. Segner claimed that his medication deliverer told him that the postcard was "circulated in Harleysville, PA between February 5 and 6, 2017." (Pl.'s Mot. Contempt Ex. A, Decl. Greg Segner ¶ 2.) But when submitted for the truth of the matter asserted—that the postcard actually was circulated in Harleysville, Pennsylvania in early February 2017—this statement is inadmissible hearsay. Fed. R. Evid. 801(c), 802.

The *existence* of a postcard advertising RAMS PHARMACY a mere sixteen days after the Court's injunction went into effect does not constitute clear and convincing evidence of contempt. To the contrary, Defendants have presented substantial evidence documenting all of the work they have undertaken to change their name to RAMSRX PHARMACY, including: registering the new name with the Pennsylvania Department of State Bureau of Professional and Occupational Affairs, the Pennsylvania Department of Aging, and the National Council for Prescription Drug Programs; purchasing a new sign; purchasing new business cards, notepads, and advertisements; depublishing their old website; and destroying all materials using the name

6

RAMS PHARMACY. Because there is substantial "ground to doubt the wrongfulness of [Defendants'] conduct," the Court will not hold Defendants in contempt. *See Harris*, 47 F.3d at 1326 (internal quotation marks omitted).

    **B. The Court Lacks Jurisdiction to Cancel the Service Mark Registration for RAMS PHARMACY.**

In addition to moving for contempt, Rann Pharmacy asked this Court to cancel Defendants' service mark number 5,140,924 for RAMS PHARMACY. But Rann Pharmacy did not ask the service mark to be cancelled as a sanction for Defendants' alleged contempt. Instead, Rann Pharmacy argued that the Court's November 2016 Order prohibited Defendants from using the mark RAMS PHARMACY; therefore, Defendants have no right to own a registration number for it. (Pl.'s Mot. Contempt 9–11.) Defendants, for their part, argued that the likelihood of confusion exists only in Harleysville and Lansdale, Pennsylvania, and so they retain the ability to open a pharmacy named RAMS PHARMACY elsewhere in Pennsylvania or the broader United States. (Defs.' Mot. in Opp'n 7.)

Section 37 of the Lanham Act allows a court, at its discretion, to "order the cancellation of registrations, in whole or in part," in "any action involving a registered mark." 15 U.S.C. § 1119; *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1307 (2015). But as Rann Pharmacy noted, Section 37 is not an independent grant of jurisdiction. (Pl.'s Mot. Contempt 10.) Instead, "a controversy as to the validity of or interference with a registered mark must exist before a district court has jurisdiction to grant the cancellation remedy." *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992).

Rann Pharmacy fails to offer a proper source of jurisdiction, and this Court can find none. Neither Rann Pharmacy nor Defendants owned a registered mark when this litigation began in September 2016, and neither owned a registered mark when it ended two months later. The

November 2016 Order only enjoined Defendants from using the name RAMS PHARMACY for their Lansdale pharmacy, and the Court retains ancillary jurisdiction only to "enforce its judgment[]." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996).

Rann Pharmacy thus requests that the Court cancel Defendants' service mark registration under its ancillary jurisdiction. This the Court cannot do. Ancillary jurisdiction does not extend to situations "where the relief sought is of a different kind or on a different principle than that of the prior decree." *Id.* at 358 (internal quotation marks and modifications omitted); *see Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 479 (2d Cir. 2008) (holding that the district court lacks jurisdiction to decide a post-judgment motion requesting that the court use Section 37 to dismiss pending petitions before the PTO). Rann Pharmacy did not raise a Section 37 claim in its pleadings, and the Court could not have cancelled a nonexistent registration in its November 2016 Order. Rann Pharmacy must look elsewhere to obtain an order cancelling Defendants' service mark registration.

**IV. CONCLUSION**

For the foregoing reasons, the Court denies Rann Pharmacy's motion for contempt. An Order consistent with this Memorandum will be docketed separately.